IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-130-D

U.S. BANK, N.A., )
 )
        Plaintiff, )
 )
v. ) **ORDER**
 )
CHRISTOPHER BUTLER, and )
TONYETT BUTLER, )
 )
        Defendants. )

On March 23, 2011, Christopher Butler and Tonyett Butler ("defendants" or "Butlers") removed a state-court foreclosure action to this court [D.E. 1]. U.S. Bank, N.A. ("plaintiff" or "U.S. Bank") moved to remand the action [D.E. 4] and moved to recover its costs (including attorney's fees) [D.E. 17]. Because this court lacks subject-matter jurisdiction and because the removal was not objectively reasonable, U.S. Bank's motion to remand and motion for costs are granted.

I.

On October 6, 2008, David A. Simpson, P.C., Substitute Trustee, instituted a foreclosure proceeding with the Wake County Clerk of Court entitled Special Proceeding 08-SP-5146. See Pl's. Mem. in Support of Mot. to Remand [D.E. 5] 2. On January 15, 2009, pursuant to N.C.G.S § 45.23-16, the Wake County Clerk of Court, issued an order allowing a foreclosure sale. See Notice of Removal, Ex. N. In late February 2009, the first foreclosure sale occurred. Id., Ex. K. However, on March 6, 2009, defendants filed for Chapter 13 bankruptcy protection, thereby avoiding the foreclosure sale. Id., Ex. J. On April 21, 2009, the bankruptcy action was dismissed. See id., Ex. I.

On May 2, 2009, David A. Simpson, P.C., Substitute Trustee, filed a motion to reopen the foreclosure proceeding. Id., Ex. G. On May 13, 2009, David A. Simpson, P.C., Substitute Trustee, filed an amended notice of foreclosure sale. Id., Ex. H. Defendants again filed a bankruptcy petition to avoid the foreclosure sale. Id., Ex. F. Again, the bankruptcy action was dismissed. See id., Ex. G. A similar process repeated itself in 2010. See id., Exs. E, C, D.

On February 13, 2011, David A. Simpson, P.C., Substitute Trustee, filed an amended notice of foreclosure sale. Id., Ex. A. On February 18, 2011, U.S. Bank wrote to defendants concerning the pending foreclosure. Id., Ex. B.

On March 23, 2011, defendants filed a notice of removal, which removed the foreclosure action pending in Wake County Superior Court [D.E. 1]. On April 25, 2011, U.S. Bank filed a motion to remand, pursuant to 28 U.S.C. § 1447 [D.E. 4]. U.S. Bank contends that the foreclosure action does not include any claims arising under the Constitution or the law of the United States, that defendants' anticipated federal defenses do not provide a basis for subject-matter jurisdiction, and that defendants did not timely file the notice of removal [D.E. 4, 5].

In opposition, defendants argue that U.S. Banks's foreclosure action in state court is a fraud on the court and violates the Fair Debt Collection Practices Act ("FDCPA"). Defs.' Resp. in Opp. [D.E. 7]; cf. 15 U.S.C. § 1692. Thus, according to defendants, they properly removed the action, and this court has subject-matter jurisdiction under 28 U.S.C. § 1331. Id. at 4.

No matter how much defendants try to confuse the issues, defendants removed this action based on a purported federal defense grounded in the FDCPA and the notion that U.S. Bank and others are engaged in a fraud on the court in state court. However, under 28 U.S.C. § 1441, a case may be removed from state court if the "civil action . . . [is] . . . founded on a claim or right arising

2

under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441. A claim "arises under the law that creates the cause of action." See, e.g., American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916); In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 584 (4th Cir. 2006). Here, the state-court action is a nonjudicial power of sale foreclosure specifically provided for in N.C. Gen. Stat. §§ 45-4 et seq. As such, the claim on the face of plaintiff's well-pleaded complaint arose under North Carolina law and not a "law arising under the Constitution, treaties or laws of the United Statutes." 28 U.S.C. § 1441; cf. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (describing well-pleaded complaint rule); Custer v. Sweeney, 89 F.3d 1156, 1165 (4th Cir. 1996) (same); Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (same). Therefore, plaintiff's complaint does not create federal subject-matter jurisdiction and does not provide a basis for the removal. Furthermore, defendants purported "defenses" (including their references to 15 U.S.C. § 1692 or "fraud on the court") do not create federal question jurisdiction under 28 U.S.C. § 1331. See, e.g., Gully v. First Nat'l Bank, 299 U.S. 109, 112–14 (1936); In re Blackwater Sec. Consulting, LLC, 460 F.3d at 584; Interstate Petroleum Corp. v. Morgan, 249 F.3d 215, 222 (4th Cir. 2001); Cook v. Georgetown Steel Corp., 770 F.2d 1272, 1274–76 (4th Cir. 1985). Finally, given that the power of sale foreclosure proceeding began in October 2008, defendants' March 2011 removal was patently untimely. See, e.g., 28 U.S.C. §1446(b). The untimely removal provides an independent basis to remand. See, e.g., In re Foreclosure of Naef Deed of Trust, No. 7:10-CV-197-FL, 2010 WL 5058383, at *3–4 (E.D.N.C. Dec. 3, 2010) (unpublished).

As for U.S. Bank's motion for costs (including attorney's fees), U.S. Bank argues that the removal was not objectively reasonable. See, e.g., Martin v. Franklin Capital Corp., 546 U.S. 132,

141 (2005); In re Crescent City Estates, LLC, 588 F.3d 822, 830 (4th Cir. 2009). Thus, pursuant to 28 U.S.C. § 1447(c), U.S. Bank asks the court to order defendants to pay "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). U.S. Bank seeks an award of $5,020.00. Pl.'s Pet. Att'y's Fees [D.E. 17].

The court has reviewed U.S. Bank's motion for costs [D.E. 17], and defendants' response [D.E. 20]. The removal was not objectively reasonable. U.S. Bank's request is reasonable and supported by the record. Thus, the court awards $5,020.00 to U.S. Bank.

II.

Plaintiff's motion to remand [D.E. 4] is GRANTED. Because the removal was not objectively reasonable, defendants shall pay $5,020.00 in costs (including attorney fees) to U.S. Bank. See 28 U.S.C. § 1447(c). The action is remanded to Wake County Superior Court. Defendants' motion to withdraw notice of removal [D.E. 21] is DENIED as moot.

SO ORDERED. This 26 day of August 2011.

JAMES C. DEVER III
United States District Judge