IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-130-D

| | |
|---|---|
| U.S. BANK, N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| TONYETT BUTLER, ET AL., ) | |
| ) | |
| Defendants. ) | |

On September 6, 2011, defendants filed a motion for reconsideration [D.E. 23] concerning this court's August 26, 2011 order remanding this action to Wake County Superior Court and awarding $5,020.00 in costs (including attorney's fees). The motion for reconsideration focuses on the award of $5,020.00 in costs (including attorney's fees).

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotation omitted); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

Defendants argue that this court did not give principled reasons for its decision to award costs (including attorney's fees). Defendants also argue that plaintiff did not document the hours and rates of its attorneys, and plaintiff's attorneys did not exercise billing judgment. Defendants also argue that the court did not examine whether an award would unreasonably burden defendants, whether plaintiff sent a Rule 11 safe harbor letter, and whether removal was proper under 28 U.S.C. § 1446(b).

In its August 26, 2011 order, the court explained at length why defendants' removal was not objectively reasonable. See U.S. Bank, N.A. v. Butler, No. 5:11-CV-130-D, Order 2–4 (E.D.N.C. August 26, 2011) (unpublished). The court then evaluated plaintiff's straightforward request for costs (including attorney's fees) [D.E. 17], evaluated defendants' straightforward response [D.E. 20], and awarded plaintiff the amount it requested. Notably, in defendants' response [D.E. 20], defendants failed to raise any issue associated with plaintiff's documentation of hours and rates or the exercise of billing judgment. Similarly, defendants did not argue that an award of costs would impose an undue economic burden or that removal was proper under 28 U.S.C. § 1446(b).[1] These new arguments are not appropriate under Rule 59(e). See Pac. Ins. Co., 148 F.3d at 403 ("Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."). Thus, the court rejects these new arguments, which defendants could have raised before the court issued its judgment. See id.

---

[1] Even if they had, the argument concerning section 1446(b) is frivolous. As explained in this court's August 26, 2011 order, a federal defense does not create federal question jurisdiction under 28 U.S.C. § 1331. The same principle holds true as applied to defendants' newest argument under section 1446(b) that the Note in the Amended Notice of Substitute Trustee's Foreclosure Sale of Real Property created a "federal issue" or "issues of federal concern" warranting removal.

2

As for defendants' recycled argument that plaintiff failed to send a "safe harbor" letter under Rule 11 of the Federal Rules of Civil Procedure, the court did not award costs (including attorney's fees) under Rule 11. Rather, the court awarded them under 28 U.S.C. § 1447(c). As such, Rule 11 (including its safe harbor provision) does not apply. See, e.g., Wisconsin v. Hotline Indus., Inc., 236 F.3d 363, 367 (7th Cir. 2000); Cardillo v. Cardillo, 360 F. Supp. 2d 402, 491 n.16 (D.R.I. 2005); Samuel v. Langham, 780 F. Supp. 424, 428 (N.D. Tex. 1992). Finally, this court already has explained why defendants' removal was not objectively reasonable and will not repeat its August 26, 2011 order.

In sum, the motion for reconsideration [D.E. 23] lacks merit and is DENIED.

SO ORDERED. This **13** day of October 2011.

JAMES C. DEVER III
Chief United States District Judge